NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP, LTD., HOOKLESS SYSTEMS OF NORTH AMERICA, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DECOR HOLDINGS CORP., SF HOME DECOR, LLC,**
*Plaintiffs-Appellees*

**v.**

**KARTRI SALES CO., INC., MARQUIS MILLS, INTERNATIONAL, INC.,**
*Defendants-Appellants*

---

2023-1446, 2023-1450, 2023-2148, 2023-2149

---

Appeals from the United States District Court for the Southern District of New York in No. 1:15-cv-10154-PAE, Judge Paul A. Engelmayer.

---

**SUA SPONTE**

---

Before MOORE, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Kartri Sales Co., Inc. (Kartri) and Marquis Mills International, Inc. (Marquis, collectively, Appellants) filed non-compliant briefs that divided the issues on appeal and attempted to incorporate by reference each other's briefs. *See* ECF No. 25 at 30 (Kartri); ECF No. 26 at 26, 43 (Marquis). Kartri's brief focused on the trademark and trade dress issues, while Marquis's brief concentrated on the patent claim construction and infringement issues. Appellees objected to Appellants' briefs as effectively doubling Appellants' word count and argued it would be inequitable for Appellees to have half the words to address the same issues. ECF No. 33 at 2.

We struck the non-compliant briefs and ordered Appellants to file corrected opening briefs. ECF No. 43 at 2. We explained "incorporation cannot be used to exceed word count" and "[t]he incorporated material counts against the litigants' word count in exactly the same manner as if it had been expressly included in the brief." *Id.* (quoting *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 910 (Fed. Cir. 2014)); *see also Promptu Sys. Corp. v. Comcast Cable Commc'ns, LLC*, 92 F.4th 1384, 1385 (Fed. Cir. 2024); *Medtronic, Inc. v. Teleflex Life Scis. Ltd.*, 86 F.4th 902, 906 (Fed. Cir. 2023). We also explained the non-compliant briefs contravened our rule limiting opening briefs to 14,000 words. ECF No. 43 at 2 (citing Fed. Cir. R. 32(b)(1)). Despite our rule and order, Appellants re-filed briefs which again continued to divide the issues for treatment. *See* ECF No. 46 (Kartri); ECF No. 48 (Marquis). For instance, Marquis spent over twenty pages addressing patent infringement covering three patents and multiple disputed claim terms, while Kartri spent less than one page on all patent issues. *Compare* ECF No. 48 at 35–56, *with* ECF No. 46 at 40–41.

We understand Kartri and Marquis, even without expressly saying so, are each continuing to seek the benefit of any winning argument that was adequately presented only by the other Appellant. If our understanding is correct, the

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC v.                     3
KARTRI SALES CO., INC.

Appellants are ordered to show cause why their briefing choices do not amount to another violation of our word count limit for opening briefs, as well as our prior order enforcing the word limit.

IT IS ORDERED THAT:

(1) Counsel for Appellants are to independently show cause why they should not be sanctioned for violating our court rule (Fed. Cir. R. 32(b)(1)) and our prior order (ECF No. 43). Appellants are also directed to explain what an appropriate sanction would be.

(2) By May 15, 2025, Appellants are directed to file separate briefs not to exceed 10 pages each, double spaced.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

May 6, 2025
Date